GEORGE K. TYLER *et al.*, FOR AN OPINION.

JULY 14, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Wills*.

Testamentary devise, as follows:—"I give devise and bequeath unto my granddaughter X, the residue of my estate, to her, her heirs and assigns forever; if the said X should die without leaving living issue, born of her

body, then in that case I give devise and bequeath my said estate to my heirs at law." X. died intestate without leaving living issue, Z. being her sole heir at law:—

*Held*, that X. took a defeasible estate in fee which, upon her death, without issue, passed to the heirs of the testator by way of executory devise.

*Held*, further, that the devise contemplated a definite, and not an indefinite, failure of issue on the death of X., and was not void as in violation of the rule against perpetuities.

*Held*, further, that the heirs of testator were to be determined as of the date of the death of X.

PETITION, under C. P. A., § 323, for construction of will.

SWEETLAND, J.. This is a petition, brought under section 323 of the Court and Practice Act, now Gen. Laws (1909), cap. 289, § 20, in which all the parties interested in the estate of Otis Foster, late of Coventry, deceased, concur in requesting the construction of the will of said Otis Foster, which was admitted to probate, by the Probate Court of said Coventry, on February 28th, 1887. The clause in regard to which doubts have arisen is as follows:

"Third. I give, devise and bequeath unto my granddaughter, Clara M. Robinson, all the rest and residue of my estate of every kind and wheresoever situate or lying to be and remain to her, her heirs and assigns forever; if the said Clara M. Robinson should die without leaving living issue, born of her own body, then in that case I give, devise and bequeath my said estate to my heirs at law."

Clara M. Robinson died intestate April 17th, 1909, and without leaving living issue.

Mary Colvin is the sole heir at law of the late Clara M. Robinson, and the remaining petitioners are all the heirs at law of the late Otis Foster.

The question is, what estate did Clara M. Robinson take under the residuary clause of said will, and, upon her death, who succeeded to this residuary estate? Did Mary Colvin, as sole heir at law of the late Clara M. Robinson, or did the petitioners as heirs at law of the late Otis Foster?

Mary Colvin contends that the testator gave to Clara M. Robinson a fee-simple estate. The devise to Miss Robinson

was of a fee, but not an absolute fee. It was a qualified fee which was liable to be determined by her death without leaving issue born of her body. The devise in question resembles that considered by this Court in *DeWolf* v. *Middleton*, 18 R. I. 810. William DeWolf, in the second clause of his will, after devising his farm known as the "Poppasquash Farm," to his widow for life, proceeds, as follows: "after her decease I do. give and devise the same real estate to my two dear daughters, Charlotte and Maria, their heirs and assigns forever: *Provided, however,* that in case my said daughters, Charlotte and Maria, should die, leaving no surviving issue, then it is my will that the estate, on their decease, be divided among my heirs at law, according to the statutes of descents, their heirs and assigns forever; and I do devise the same accordingly." The court held that this clause of the will gave to his two daughters Charlotte and Maria defeasible estates in fee which upon their deaths, without issue, passed to the heirs of the testator by way of executory devise. We are of the opinion that there passed to Clara M. Robinson, by the clause now under consideration, an estate of the same nature. Mary Colvin further contends that the gift over to the heirs of the testator is too remote, and that she, as the heir of Clara M. Robinson, is entitled to the estate that said Clara took under the will: the argument of Mary Colvin in this regard being that Otis Foster, by this clause in his will, contemplated an indefinite failure of issue of Clara M. Robinson, and that the limitation over would be void as in violation of the rule against perpetuities. The testator, however, used qualifying words in the devise, which indicate that he had in mind a definite, and not an indefinite, failure of issue on the death of Clara M. Robinson, and made provision for such definite failure of issue. In *Swinburne Petitioner*, 16 R. I. 210, the court had under consideration the following language in a will: "Should either of my above named children die leaving no legal heirs born of their own body, then I give their shares after their death to my then living heirs." The court held that "after their death" obviously means immediately after their death, not an indefinite length

of time afterwards, the words being introduced to fix definitely the time at which the bequest over is to take effect. In the clause now under consideration, the testator provided that upon the death of Clara M. Robinson without leaving *living* issue *then* in that case the limitation over to the testators' heirs.

In the case of *Burrough* v. *Foster*, reported in 6 R. I., at page 539, the court says: "If the devise over is upon a failure of issue at the particular time fixed, as at the time of the death of the first taker, the gift over is good by way of executory devise; for it is not liable to the objection of remoteness, and does not tend to a perpetuity."

In the case of *Arnold* v. *Brown*, 7 R. I. 197, the court said: "If the devise in question had been to Gorton, etc., if he should live to have lawful issue, *living at his death*, or if he die without lawful issue *then living*, or words of like meaning, he would have taken a qualified fee-simple, and the limitation over to Benjamin would have been good by way of executory devise."

In *De Wolf* v. *Middleton*, 18 R. I. 810, the court says: "Though, for the reason stated above, a devise in fee will be restricted to an estate tail by a gift over in case the devisee die without issue, unless there is something to justify a different construction, yet when there is anything in the gift or limitation, or in the context, to rebut this construction and show that the testator meant a failure of issue at a definite period instead of an indefinite failure, it will be rejected, and the limitation over will be construed as an executory devise in defeasance of a fee simple and not as a remainder sustained by an estate tail."

As the limitation over to the heirs of Otis Foster is dependent upon a contingency which must be determined at the death of Clara M. Robinson, a life then in being, it does not offend the rule against perpetuities. Our opinion, therefore, is that the estate given to Clara M. Robinson by this clause of the will of Otis Foster was a base, or determinable, fee, with limitation over to the heirs of Otis Foster; that, as Clara M. Robinson died without leaving living issue, the estate belongs to the heirs of

Otis Foster, and not to Mary Colvin, as the heir of Clara M. Robinson.

The question arises whether the heirs of Otis Foster are to be ascertained as of the date of the death of the testator, or as of the death of Clara M. Robinson. "While the general rule is that the heirs of a testator are to be taken from the time of his death, yet the rule gives way to a contrary intent to be found in the will," *De Wolf* v. *Middleton,* 18 R. I. 810. In this limitation to his heirs, Otis Foster looked forward to the happening of the contingency upon which the estate would vest in his heirs, and provided that "then in that case I give, devise, and bequeath my said estate to my heirs at law." We find that the testator intended by this clause of his will to limit over the estate to those persons who should be his heirs upon the death of Clara M. Robinson without leaving living issue.

Decree may be entered in accordance with this opinion.

*Frank M. Wilcox,* for heirs of Otis Foster.

*Frank Steere,* for Mary Colvin.